UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| American Alliance for Equal Rights, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> The Women, LLC and ) <br> The Women Foundation, ) <br> ) <br> Defendants. ) | No. 3:25-cv-00441-KAC-DCP <br><br> District Judge Katherine A. Crytzer <br> Magistrate Judge Debra C. Poplin |

**SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7.1(d), Defendants The Women, LLC and The Women Foundation **("the Foundation")** file this supplemental memorandum to call to the Court's attention the February 24, 2026 decision of the United States Court of Appeals for the Sixth Circuit in *Roberts v. Progressive Preferred Insurance Company*, ___ F.4th ____, No. 24-3454, 2026 WL 508264, which was decided after the parties completed briefing their cross-motions for summary judgment, Docs. 37-39, 43, and which further supports Defendants' argument that Plaintiff did not have standing to challenge the Foundation's 2025 microloan program, *see* Doc. 38 at PageID 413-14.

The Sixth Circuit held in *Roberts* that a plaintiff challenging a race-based requirement in a financial program lacks standing when the plaintiff was never actually subject to that requirement; it is not enough that the plaintiff knew of the requirement. The Sixth Circuit affirmed the dismissal of Roberts's case for lack of standing, reasoning that Roberts failed to submit the application, despite his claim that doing so would have subjected him to the allegedly discriminatory race-based eligibility requirement in the next phase of the process. That binding precedent requires dismissal in this case even more clearly: Because the Foundation did not open its program for the

2025 cycle on September 15 as originally planned, Plaintiff's members, including Owner A of Business A, were never subject to the allegedly discriminatory race-based requirement that Plaintiff challenges, and therefore Plaintiff lacks standing to challenge that requirement's legality.

The defendants in *Roberts* administered a grant program that limited eligibility to small businesses that are Black owned. 2026 WL 508264, at *1. Roberts alleged a two-stage process with two separate contracts: an application-stage contract and a grant-stage contract. *Id.* at *2. Simply by submitting an application for a grant, the applicant entered into an application-stage contract with the program administrators under which the administrators allowed the applicant to compete for a grant in exchange for the applicant's agreement to certain terms and conditions that provided benefits to the administrators. *Id.* Then, the administrators would review submitted applications, including for compliance with the race-based requirement, and enter into grant-stage contracts with the applicants they selected as winners. *Id.* at *2, 6. Like Owner A in this case, Roberts alleged that he was otherwise eligible for the program but did not apply before suing because he is white. *Compare id.* at *1 *with* Doc. 1 ¶¶ 11, 30, 32-33, 53; Doc. 2-4 ¶¶ 3-5; Doc. 39-7 ¶ 6. The district court dismissed Roberts's case for lack of subject-matter jurisdiction because he lacked standing. 2026 WL 508264, at *2. The Sixth Circuit affirmed.

The Sixth Circuit held that Roberts failed to establish the causation required by Article III. The Court "assume[d] that Roberts ha[d] pleaded sufficiently an injury in fact for the application-stage contract": "that Roberts could not enter into—and obtain the benefits conferred by—the application-stage contract." *Id.* at *3. But he failed to show that that injury is "fairly traceable to the defendant's allegedly unlawful conduct." *Id.* at *4 (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006)). "Because he never entered the first sequential contractual agreement, he never subjected himself to the allegedly discriminatory grant program." *Id.* at *5 (quotation marks,

2

brackets, and internal citation omitted).

Like Roberts, Plaintiff's members, including Owner A, were never subject to the allegedly discriminatory requirement that Plaintiff seeks to challenge, so they fail to show causation too. In Roberts's case, that was because he chose not to apply; in this case, that is because there was never actually an opportunity for *anyone* to apply. Plaintiff admits, and its own summary-judgment record shows, the Foundation announced that the application cycle for its 2025 microloan program would "be open September 15, 2025–October 31, 2025," Doc. 43 at PageID 1196 (quoting Doc. 39-4 at PageID 1000), but after Plaintiff filed this lawsuit on September 12, the Foundation "took down the program's website the next day," September 13, *id.* (citing Doc. 1 at 23 and Doc. 39-3 ¶ 4)—two days before the application cycle was scheduled to open. After the Foundation's President explained under oath that the Foundation did not open the 2025 application cycle and had no intention to open it, Doc. 25-1 ¶¶ 3-4, the parties stipulated that the 2025 application cycle was not open, Doc. 35 ¶ 1. Thus, *no one* could apply for the Foundation's 2025 microloan program—not because of any allegedly discriminatory race-based requirement, but because the application cycle never opened at all. Therefore, Plaintiff lacks standing in this case, and this Court should dismiss Plaintiff's case.

Respectfully submitted.

March 13, 2026

/s/ Scott D. McCoy
Scott D. McCoy[*]
Southern Poverty Law Center
2 South Biscayne Boulevard, Suite 3750
Miami, Florida 33131
(334) 224-4309
(786) 237-2949 (fax)
scott.mccoy@splcenter.org

Alphonso David[*]
Global Black Economic Forum
34 35th Street, Suite 5A
Brooklyn, New York 11232

3

(212) 287-5864
alphonso.david@gbef.com

Chris Irwin
BPR 025478
2131 Riverside Drive
Knoxville, Tennessee 37915
(865) 257-4029
christopherscottirwin@yahoo.com

*Counsel for Defendants The Women, LLC*
 *and The Women Foundation*

*Admitted *pro hac vice*