# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| AMERICAN ALLIANCE FOR EQUAL RIGHTS,<br><br>         Plaintiff,<br><br>v.<br><br>THE WOMEN, LLC and THE WOMEN FOUNDA-<br>TION,<br><br>         Defendants. | No. 3:25-cv-441 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF

The Sixth Circuit's decision in *Roberts v. Progressive Preferred Insurance Company* has no bearing on the Alliance's standing here. That's true for two simple reasons.

**1.** *Roberts* turned on the peculiarities of that plaintiff's "complaint" and "legal theory." 2026 WL 508264, at *6 (6th Cir. Feb. 24). According to the majority, Roberts alleged that a grant program for black-owned businesses involved "'two, sequential contractual agreements'": first an "application-stage contract" and then a "grant-stage contract." *Id.* at *2. Roberts "concede[d] that the complaint does not allege an injury in fact for the grant-stage contract." *Id.* at *3. And the majority deemed his injuries for the application-stage contract "self-inflicted." *Id.* at *4. He "closed the grant application without submitting it." *Id.* According to the majority, Roberts failed to allege that his decision not to apply was caused by the defendants' illegal discrimination. His complaint "does not allege that [de-fendants] ever applied, *or threatened to apply*, the grant's race-based eligibility requirement to him" at the application stage. *Id.* at *5 (emphasis added). The "complaint contains no allegations suggesting that" the application "required him to list his race or the race of his company's owners," or "even" that the defendants "discouraged white business owners from applying." *Id.* So based on the peculiar way the majority thought Roberts had pleaded and argued the case, the court assumed that "[s]ubmitting the application was no futile gesture," despite Roberts' race. *Id.* at *6.

1

None of that case-specific reasoning applies here. The Alliance does not "conced[e]" that Owner A is uninjured by her inability to compete for loans. *Cf. id.* at *3. It extensively argues that The Women's blacks-only bar inflicts that injury. *See* AAER-MSJ (Doc.43) 4-5, 22-23; AAER-MSJ-Response (Doc.46) 8-9. Nor did the Alliance fail to allege that The Women's racial discrimination causes this injury. *Cf. Roberts*, 2026 WL 508264, at *5. As the Alliance proved with undisputed evidence, The Women's application *does* "includ[e] a racial-disclosure component." *Id.*; *see, e.g.*, MSJ-App. (Docs.39-4–39-5) 129-30. The Women *do* "discourag[e] white business owners from applying." *Roberts*, 2026 WL 508264, at *5; *see, e.g.*, MSJ-App. 2, 5, 129; Verif.-Compl. (Doc.1) ¶¶19-20. And when the Alliance sued, The Women *were* "threaten[ing] to apply" the program's "race-based eligibility requirement to" Owner A. *Roberts*, 2026 WL 508264, at *5; *see* AAER-MSJ 2, 4; AAER-MSJ-Response 2. *Roberts* could not—and did not purport to—overrule the many "precedents" holding that a plaintiff facing this kind of racial barrier need not subject himself to the racial discrimination by submitting a futile application. *Carney v. Adams*, 592 U.S. 53, 66 (2020); *see* AAER-MSJ-Reply (Doc.49) 2; AAER-MSJ 14. The majority simply assumed, based on Roberts' pleading and legal theory, that "[s]ubmitting the application was no futile gesture." *Roberts*, 2026 WL 508264, at *6. Submitting the application is concededly futile here. *See* AAER-MSJ-Reply 2; Verif.-Compl. ¶¶18-19, ¶21; D-Harper-Decl. (Doc.38-2) ¶6.[*]

**2.** Independently, *Roberts* addresses only standing to seek "damages," 2026 WL 508264, at *1-3, while here the Alliance seeks forward-looking relief, *see* AAER-MSJ-Response 6-7; AAER-MSJ-

---

[*] In candor, the Alliance finds Judge Boggs' dissent in *Roberts* more persuasive. Among other reasons, the majority adopted a crabbed reading of the plaintiff's complaint, which fairly alleged that the defendant's racial discrimination caused the plaintiff not to apply. *See* 2026 WL 508264, at *7-8 (dissent). But this case will be resolved on the undisputed facts at summary judgment, not on a "'facial challenge'" to the "'sufficiency'" of the complaint. *Id.* at *2 (majority). And while district courts are bound by *Roberts* where its reasoning applies, the Alliance notes that the plaintiff in *Roberts* is seeking rehearing.

2

Reply 25; Verif.-Compl. ¶59. Unlike The Women, the defendants in *Roberts* had ended their discriminatory program—and before the plaintiff filed his lawsuit. *See* 2026 WL 508264, at *2; *see also* 2024 WL 2295482, at *2 (N.D. Ohio May 21). So throughout the majority opinion, the Sixth Circuit stressed it was "only" addressing "damages." 2026 WL 508264, at *2; *id.* at *1 ("damages claims only"); *id.* at *3 (framing the standing inquiry in terms of "damages"). Yet The Women's supplemental brief nowhere mentions this fact—or even uses the word "damages."

This "distinction" is "significant." *Kanuszewski v. Michigan DHHS*, 927 F.3d 396, 406 (6th Cir. 2019). In damages cases, the plaintiff seeks compensation for a legal violation that occurred in the past. *Id.* So if something other than the defendant's misconduct caused the plaintiff's past injury, then standing to get damages for that past injury can be defeated. But in cases seeking "forward-looking relief," the plaintiff is trying to stop an "ongoing" violation. *Aiken v. Hackett*, 281 F.3d 516, 519 (6th Cir. 2002). The plaintiff is injured if "the racial preference hinders their ability to 'compete on an equal footing,'" *id.*, and that injury exists if the plaintiff is "'able and ready'" to apply once a court declares the racial preference unlawful, *Gratz v. Bollinger*, 539 U.S. 244, 261-62 (2003). Whether the plaintiff "'actually applied'" is "not determinative." *Id.* at 260-61. Also "irrelevant" is whether the plaintiff "would not have received the benefit even absent the preference." *Aiken*, 281 F.3d at 519.

Looking "only to 'the facts existing when the complaint [was] filed,'" *Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 390 (6th Cir. 2022), the Alliance has standing to seek forward-looking relief. At that time, The Women had just announced that the next cycle of their long-running program was about to open; Owner A was able and ready to apply; but The Women barred her from applying for loans based on race. *See* AAER-MSJ 2, 4-5; AAER-MSJ-Reply 2-3. Though The Women responded to this lawsuit by unilaterally canceling the 2025 cycle, that voluntary cessation moots nothing, and Owner A remains able and ready to apply for the next cycle. *See* AAER-MSJ-Response 2-7. The Women's post-complaint conduct also has nothing to do with standing. *See* AAER-MSJ-Response 1-

2. It has even less to do with *Roberts*. That plaintiff's past injuries were "self-inflicted" because *he* "chose not to submit an application." 2026 WL 508264, at \*4. Even if the Alliance's standing for forward-looking relief turned on what happened to Owner A in 2025, those past injuries were not self-inflicted by Owner A. They were *defendant*-inflicted when The Women decided to cancel the 2025 cycle as a strategy to avoid an adverse ruling on the Alliance's motion for a preliminary injunction.

*     *     *

Though *Roberts* is a case where race discriminators challenged standing, the similarities end there. The Women ignore *Roberts'* many case-specific caveats about the nature of that plaintiff's pleadings and arguments. And The Women do not even try to claim that the doctrine invoked in *Roberts*—the rule against "self-inflicted" injuries—applies here. This Court should grant summary judgment to the Alliance.

Respectfully submitted,

Dated: March 17, 2026

Adam K. Mortara
  (TN Bar No. 40089)
LAWFAIR LLC
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(773) 750-7154
mortara@lawfairllc.com

*/s/ Cameron T. Norris*
Thomas R. McCarthy*
  (VA Bar No. 47154)
Cameron T. Norris
  (TN Bar No. 33467)
Gilbert C. Dickey*
  (VA Bar No. 98858)
R. Gabriel Anderson*
  (TX Bar No. 24129302)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com
gilbert@consovoymccarthy.com
gabe@consovoymccarthy.com

*Counsel for Plaintiff*

*pro hac vice

# CERTIFICATE OF SERVICE

I filed this brief on the Court's e-filing system, which will email everyone requiring notice.

Dated: March 17, 2026

*/s/ Cameron T. Norris*

Case 3:25-cv-00441-KAC-DCP     Document 54     Filed 03/17/26     Page 5 of 5     PageID #: 1451